JENNIFER B. WIELAND (SBN 223841)
jwieland@berkowitzoliver.com
TIM J. RIEMANN (MO Bar No. 61757)
(*Pro Hac Vice* application forthcoming)
triemann@berkowitzoliver.com
BERKOWITZ OLIVER WILLIAMS SHAW
 & EISENBRANDT LLP
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone: (816) 561-7007
Facsimile: (816) 561-1888

-and-

REGINALD ROBERTS, JR. (SBN 216249)
rroberts@sandersroberts.com
JUSTIN H. SANDERS (SBN 211488)
jsanders@sandersroberts.com
SANDERS ROBERTS & JEWETT LLP
1055 West 7th Street, Suite 3050
Los Angeles, California 90017
Telephone: (213) 426-5000
Facsimile: (213) 334-4581

Attorneys for Plaintiff
FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORD MOTOR COMPANY, | Case No. CV14-07701-RSWL (JCx) |
| Plaintiff, | **PLAINTIFF FORD MOTOR COMPANY'S COMPLAINT FOR:** |
| v. | **(1) BREACH OF CONTRACT** |
| TITAN ENTERPRISE INC.; JIM CHEN; and ROGER CATOIRE, | **(2) FRAUD** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff Ford Motor Company ("Ford") for its Complaint against Defendants Titan Enterprise Inc. ("Titan"), Jim Chen ("Chen") and Roger Catoire ("Catoire") alleges as follows:

## PARTIES

1. Plaintiff Ford Motor Company is incorporated under the laws of the State of Delaware, with its principal place of business in Michigan.

2. Defendant Titan Enterprise Inc. is incorporated under the laws of the State of California, with its principal place of business in California. Titan can be served through its registered agent, Maggie Chen, at 9457 Rush Street, South El Monte, CA 91733.

3. Defendant Jim Chen, an individual, is a citizen of the State of California. Upon information and belief, Chen is president of Titan and can be served at Titan's business location.

4. Defendant Roger Catoire, an individual, is a citizen of the State of California. Upon information and belief, Catoire is one of Titan's officers. He can be served at his residence, 557 Mountaincrest Road, Duarte, CA 91010.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, exclusive of interest and costs. This litigation involves claims for breach of contract and fraud. Ford's damages as a result of Titan's breach of the parties' contract, alone, exceed $800,000.

6. This action is between citizens of different states because Ford is a citizen of Delaware and Michigan, and all Defendants are citizens of California.

7. The Court has personal jurisdiction over Titan, Chen and Catoire by virtue of their being citizens of California, residing in the Central District of California, and transacting business in the Central District of California.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because Titan, Chen and Catoire reside in this district and because a substantial part of the

events giving rise to Ford's claims occurred in this district.

## GENERAL ALLEGATIONS

9. Ford manufactures new motor vehicles bearing the Ford and Lincoln brand names.

10. Ford offers incentive programs to qualified individuals and businesses to, among other things, encourage high-volume purchases of Ford vehicles.

11. One such incentive program is Ford's Competitive Price Allowance Program ("CPA")[1]. Through the CPA, Ford provides discounts or credits to qualified high-volume purchasers of Ford vehicles through the Ford Fleet Program.

12. On or about September 18, 2013, Titan and Ford executed a CPA Contract for the 2014 Program Year. Defendant Chen signed the CPA Contract on Titan's behalf. Defendant Catoire served as Titan's primary negotiator.

13. Pursuant to the CPA Contract, Ford agreed to provide discounts to Titan in exchange for Titan's purchasing large numbers of Ford vehicles.

14. In order to receive any discounts, Titan was required to purchase at least 250 vehicles pursuant to the terms of the CPA Contract: "Titan Enterprise Inc. must acquire 250 units during the course of the program year [i.e., the calendar year]. In the event this volume has not been reached, you will be required to reimburse Ford all or a portion of the CPA funds paid." (CPA Contract, p. 3.)

15. Pursuant to the CPA Contract, Titan agreed that, to be eligible for <u>any</u> discounts, the purchased vehicles must be operated only in the United States and could not be exported. This export prohibition can be found in several of the contract's paragraphs, including:

   a. Under the "Eligible Vehicles" heading: "Vehicles must be registered solely in the United States and must be operated in the United States." (CPA Contract, p. 4.)

---

[1] Plaintiff will seek a Protective Order to protect the confidentiality of the CPA. Plaintiff will file a copy of the CPA under seal or pursuant to a Protective Order.

-3-      Case No.:

    b. Under the "In-Service Requirements" heading: "Vehicles must be registered and operated solely in the 50 United States." (CPA Contract, p. 4.)

16. On multiple occasions beginning in the summer of 2013 and continuing through September 18, 2013, Defendants Titan, Chen and Catoire conspired to defraud Ford by constructing an elaborate ruse by, among other things, falsely representing to Ford that each of the purchased vehicles would be registered, titled and operated by Titan employees only in the United States. Throughout this time period, Defendants falsely represented that they were looking to consolidate their fleet, that they wanted a single model to provide to their field employees, and that the vehicles they intended to purchase pursuant to the CPA Contract would not be brokered.

17. Defendant Catoire specifically and knowingly misrepresented Titan's intent—he assured Ford that the vehicles would be used by Titan employees, whom he described generally as engineers and geologists working in several western states, including Wyoming, Nevada and Colorado. Indeed, in an email to Ford on June 27, 2013, Catoire, in an effort to persuade Ford to execute the CPA Contract, falsely represented to Ford that the vehicles "will be operated by Titan Enterprise tagged in Titan Enterprise's name."

18. In early 2014, Titan ordered more than seventy Ford Explorers from Rush Truck Centers of California, Inc. ("Rush"), all of which Ford manufactured and delivered. Rush is a new motor vehicle dealer, selling and servicing Ford vehicles, licensed to operate in the State of California. Pursuant to the CPA Contract, Titan received discounts from Ford totaling $322,500 for the vehicles it purchased from Rush.

19. Later in 2014, Titan purchased more than one hundred Ford Explorers from AutoNation Ford Littleton in Littleton, Colorado, all of which Ford manufactured and delivered. AutoNation Ford Littleton is a new motor vehicle dealer, selling and servicing Ford vehicles, licensed to operate in the State of Colorado.

Pursuant to the CPA Contract, Titan received discounts from Ford totaling $490,750 for the vehicles purchased from AutoNation Ford Littleton.

20. In or about May, 2014, Ford learned that Titan breached the terms of the CPA Contract by exporting to the Peoples' Republic of China some or all of the Ford Explorers it purchased from Rush and AutoNation Ford Littleton. Ford personnel verified that dozens of the Ford Explorers purchased by Titan pursuant to the CPA Contract were later found at a port of entry in mainland China.

21. Titan further breached the terms of the CPA Contract by failing to purchase at least 250 vehicles as required by the CPA Contract.

22. Upon information and belief, Titan, Chen and Catoire conspired to defraud Ford by presenting fraudulent bills of lading to Rush and AutoNation Ford Littleton, which indicated that the vehicles were being sent only to various domestic locations—Helena, Montana; Henderson, Nevada; and Phoenix, Arizona—when, in reality, some or all of the vehicles were actually sent to California and subsequently exported to China.

23. During a telephone call with Ford on or about June 17, 2014, and several times thereafter, Chen admitted to Ford that he exported to China some or all of the Ford Explorers Titan purchased pursuant to the CPA Contract.

24. Because Titan breached the terms of the CPA Contract, Titan is not entitled to keep the $813,250 in discounts it received from Ford pursuant to the contract. Ford has demanded payment, but Titan has refused to comply with Ford's demand.

## COUNT I – BREACH OF CONTRACT (AGAINST DEFENDANT TITAN)

25. Ford incorporates by reference the allegations contained in paragraphs 1 – 24 above.

26. Ford and Titan are parties to the CPA Contract, which is a valid contract.

27. Titan voluntarily entered into the CPA Contract in return for Ford's providing discounts to Titan on its high-volume purchases of Ford vehicles.

28. Ford fulfilled its obligations and duties owed to Titan under the CPA Contract by manufacturing, delivering and discounting the vehicles Titan purchased pursuant to the CPA Contract.

29. Titan breached the CPA Contract by, among other things, exporting to China some or all of the vehicles it purchased pursuant to the CPA Contract and failing to purchase at least 250 vehicles as required by the contract.

30. Pursuant to the CPA Contract, Ford provided discounts to Titan totaling $322,500 for vehicles purchased from Rush and $490,750 for vehicles purchased from AutoNation Ford Littleton.

31. As a direct and proximate result of Titan's breach of the CPA Contract, Ford suffered damages in the amount of $813,250.

## COUNT II – FRAUD (AGAINST ALL DEFENDANTS)

32. Ford incorporates by reference the allegations contained in paragraphs 1 – 31 above.

33. Defendants Titan, Chen and Catoire represented to Ford that the vehicles Titan proposed to purchase from Ford pursuant to the CPA Contract would be used by Titan and only in the United States and that Titan would uphold all terms and conditions of the parties' CPA Contract.

34. Defendants Titan, Chen and Catoire knew those representations were false at the time they made them.

35. Defendants Titan, Chen and Catoire intended that Ford rely on those false representations because, otherwise, Titan would not have been eligible for any discounts pursuant to the CPA Contract; in fact, Ford would not have entered into any contract with them, but for Defendants' false statements.

36. Ford reasonably relied on Defendants Titan, Chen and Catoire's false representations.

37. As a result, Ford was damaged, in that, it provided Titan $813,250 in discounts to which Titan was not entitled and which Ford otherwise would have

retained but for Defendants Titan, Chen and Catoire's false representations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ford Motor Company prays for judgment and relief as follow:

1. On all claims, recovery for Plaintiff Ford's actual damages in an amount to be determined at trial, along with pre- and post-judgment interest;

2. On all claims, recovery for Plaintiff Ford's attorney's fees, expenses and costs as provided for by law or contract; and

3. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury to the extent authorized by law.

Dated: October 3, 2014

Respectfully submitted,

By: _____
JENNIFER B. WIELAND
TIM J. RIEMANN
(*Pro Hac Vice* application forthcoming)
BERKOWITZ OLIVER WILLIAMS SHAW
  & EISENBRANDT LLP

-and-

REGINALD ROBERTS, JR. (SBN 216249)
JUSTIN H. SANDERS (SBN 211488)
SANDERS ROBERTS & JEWETT LLP

Attorneys for Plaintiff
FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| FORD MOTOR COMPANY <br><br> *Plaintiff(s)* <br> v. <br> TITAN ENTERPRISE INC.; JIM CHEN; and ROGER CATOIRE <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) <br> Civil Action No. CV 14-07701-RSWL (JCx) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   TITAN ENTERPRISE INC.
JIM CHEN
ROGER CATOIRE
9457 Rush Street
South El Monte, California 91733

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Reginald Roberts, Jr.
Justin H. Sanders
SANDERS ROBERTS & JEWETT LLP
1055 West 7th Street, Suite 3050
Los Angeles, California 90017
(213) 426-5000

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 10/3/2014

Signature of Clerk or Deputy Clerk

1202

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

                                              _____
                                              *Server's signature*

                                              _____
                                              *Printed name and title*

                                              _____
                                              *Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

FORD MOTOR COMPANY

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

TITAN ENTERPRISE INC.; JIM CHEN; and ROGER CATOIRE

**(b)** County of Residence of First Listed Plaintiff   Detroit, MI
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   LOS ANGELES
(IN U.S. PLAINTIFF CASES ONLY)

**(c)** Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.

Reginald Roberts, Jr.; Justin Sanders; SANDERS ROBERTS & JEWETT LLP
1055 W. 7th Street, Suite 3050, Los Angeles, California 90017
(213) 426-5000; Fax: (213) 234-4581

Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes  ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 813,250.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Breach of Contract; Fraud

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS PERSONAL INJURY** | **TORTS PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

CV14-07701

**FOR OFFICE USE ONLY:**   Case Number:

CV-71 (06/14)                                   CIVIL COVER SHEET                                   Page 1 of 3

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court?<br>☐ Yes ☒ No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br>☐ Yes ☒ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division.<br>Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division.<br>Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division.<br>Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br>☐ Yes ☒ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division.<br>Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division.<br>Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division.<br>Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1. Is there at least one answer in Column A?<br>☐ Yes ☒ No<br><br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | D.2. Is there at least one answer in Column B?<br>☐ Yes ☒ No<br><br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | Central |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court**?   ☒ NO   ☐ YES

    If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any cases previously filed **in this court**?   ☒ NO   ☐ YES

    If yes, list case number(s): _____

Civil cases are related when they:

☐ A. Arise from the same or closely related transactions, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Check all boxes that apply. That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _/s/ [signature]_     DATE: 10/03/2014

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |