JENNIFER B. WIELAND (SBN 223841)
jwieland@berkowitzoliver.com
TIM J. RIEMANN (MO Bar No. 61757)
(Admitted *Pro Hac Vice*)
triemann@berkowitzoliver.com
BERKOWITZ OLIVER WILLIAMS SHAW
& EISENBRANDT LLP
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri  64108
Telephone:   (816) 561-7007
Facsimile:    (816) 561-1888

-and-

REGINALD ROBERTS, JR. (SBN 216249)
rroberts@sandersroberts.com
JUSTIN H. SANDERS (SBN 211488)
jsanders@sandersroberts.com
SANDERS ROBERTS & JEWETT LLP
1055 West 7th Street, Suite 3050
Los Angeles, California 90017
Telephone:   (213) 426-5000
Facsimile:    (213) 334-4581

Attorneys for Plaintiff
FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORD MOTOR COMPANY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>TITAN ENTERPRISE INC.; JIM CHEN; and ROGER CATOIRE,<br><br>　　　　　　　Defendants. | Case No. 2:14-cv-07701-RSWL-JC<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIAL**<br><br>[CHANGES MADE TO PARAGRAPHS 8 AND 9A]<br><br>Hon. Jacqueline Chooljian |

STIPULATION FOR ENTRY OF PROTECTIVE ORDER:

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Ford Motor Company and Defendants Titan Enterprises Inc., Jim Chen, and Roger Catoire ("Defendants") (collectively referred to hereinafter as the "Parties"), that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Local Rules of this Court, the Parties' September 18, 2013 Competitive Price Allowance ("CPA") contract, which contains Ford's trade secrets, and all other documents and any other proprietary, trade secret and/or confidential information, designated as "Confidential" or such other similar designation, shall be subject to the terms of this Stipulated Protective Order ("Order") as set forth below.

1.  Good cause and compelling reasons exist for the entry of this Order because this case concerns the Parties' confidential business information and trade secrets, including Ford's confidential business information and trade secrets relating to how Ford administers its commercial fleet purchasing program and the incentives Ford provides to commercial fleet purchasers.

As set forth in the Declaration of Don Borthwick, Ford's Western Regional Sales Manager of North American Fleet, Lease & Remarketing Operations, Ford, through its commercial fleet program, provides incentives to businesses purchasing large numbers of Ford vehicles. (Borthwick Decl. ¶ 4.) These discounts and the other terms of the program are memorialized in an individually-negotiated, confidential CPA contract between Ford and the purchaser. (*Id*.) The CPA contract and the incentive information contained therein reflect Ford's significant investment of time, creativity and expertise from numerous individuals at Ford having specialized knowledge and expertise concerning the commercial fleet market, generally, and commercial fleet incentives, specifically. (*Id*.)

Ford's CPA contract with Titan contains proprietary trade secrets related to the administration of the commercial fleet program and the per-vehicle discount

offered to Titan. (Borthwick Decl. ¶ 5.) Ford makes significant efforts to keep the terms of its CPA contracts, including the CPA contract with Titan, confidential. (Borthwick Decl. ¶ 6.) For example, Ford contractually requires purchasers, in this case, Titan, to keep the terms of the contract secret. And, even within Ford, the terms of the CPA contract are not widely known. (*Id*.)

Maintaining the confidentiality of the CPA contract is particularly important because other vehicle manufacturers administer their own fleet discount programs in competition with Ford. (Borthwick Decl. ¶ 7.) Ford does not have access to its competitors' high-volume program contracts, and it is generally understood in the industry that a manufacturer's high-volume incentive programs are confidential and not to be shared with competitors. (Borthwick Decl. ¶ 9.)

If Titan's CPA contract is made publicly available, Ford will suffer harm to its competitive and financial position because its competitors will acquire valuable inside information as to the terms of Ford's program, specifically Ford's incentive practices. (Borthwick Decl. ¶ 8.) This information would provide Ford's competitors with an unfair economic advantage and would be monetarily injurious to Ford. (*Id*.) In other words, competitors, at no cost to them, could use Ford's CPA contract and incentive information to create their own high-volume discount programs or to refine existing programs in order to lure customers from Ford. (*Id*.)

Both good cause and compelling reasons necessitate the entry of this Order. The CPA contract is a seven-page document containing Ford's confidential business information, which could result in improper use if disclosed to the public. In addition, other discovery exchanged in this litigation is likely to include the Parties' respective confidential business information and trade secrets. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."); *Nutratech, Inc. v. Syntech (SSPF) International, Inc.*, 242 F.R.D. 552 (C.D. Cal. 2007) (holding that good cause exists to enter protective order covering trade secrets). The CPA contract also qualifies as a trade secret under California's Uniform Trade Secret Act ("CUTSA"). *See* Cal. Civ. Code § 3426.1 (defining a "trade secret" as information that "[d]erives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and [i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy").

2. Any party or third party producing documents in this action ("Producing Party") may designate as "Confidential" any document, material, item, testimony, or information that they believe in good faith contains or consists of nonpublic information that would reasonably be subject to protection as a trade secret or as material concerning or containing confidential or proprietary information protected by Rule 26(c) of the Federal Rules of Civil Procedure. Any such materials shall be marked "Confidential" by the person producing it.

3. All Confidential material shall be accorded confidential status pursuant to the terms of this Order unless the parties formally agree in writing to the contrary or a determination is made by the Court as to confidential status and that determination has become final by expiration of the time period for which appellate review or intervention must be sought.

4. No material designated as "Confidential" hereunder or any copy, image, excerpt or summary thereof shall be delivered or disclosed to any person except as hereafter provided. Nor shall the contents of any such material be revealed except to persons authorized hereunder and except as so provided.

5. Discovery material designated "Confidential" and the confidential information contained therein shall be used or disseminated only for the purpose of prosecuting or defending this action, including appeals; and not for any other litigation or any other purpose whatsoever.

6. The term "discovery material" shall mean all information, tangible items, and documents produced by a producing party (including, where applicable, its present and former officers, directors, employees, and agents) in this litigation and the contents thereof, all interrogatory responses and responses to requests for admissions and the contents thereof, deposition testimony and transcripts or videos thereof.  This Order shall govern the handling of all discovery material as defined herein.

7. Any discovery material considered by the producing party to be confidential shall be marked or otherwise designated "Confidential" in a readily visible or noticeable manner. In the case of documents, interrogatory responses, and responses to requests for admissions, this shall be done by affixing a stamp or designation on each page designated as confidential prior to production or service of the discovery material, except that when only certain documents are selected for copying pursuant to a discovery request and by agreement of the parties, the disclosing party shall be required to stamp or designate only the documents selected by the other party for copying.  Confidential information contained in other documents not selected for copying may not be disclosed.  In the case of deposition testimony, the procedures outlined in paragraphs 14 and 15 of this Order shall be followed.

8. Any Document that contains Confidential Information, or encloses Confidential Information, or that refers to or quotes Confidential Information, or that is otherwise designated by a party "Confidential Information," if filed with the Court, shall be done so in accordance with the provisions of Central District Local Rule 79-5. Any Document that contains Confidential Information, or encloses

Confidential Information, or that refers to or quotes Confidential Information, if filed with the Court, shall be submitted for filing under seal in an envelope on which shall be endorsed the title of this action, the nature of the contents of the envelope, the word "Confidential," and the following (or similar) statement:

> "Filed under Seal Pursuant to Protective Order dated January 5, 2015."

9. Discovery materials designated as "Confidential" shall not be disclosed to any person other than:

a. The Court and Court personnel, provided that any such discovery material filed with the Clerk of the Court shall be submitted for filing under seal, pursuant to paragraph 8 above, and for release only by order of the Court or by agreement of the parties;

b. Counsel (including other attorneys and staff in their offices) of record for the parties herein, as well as court reporters, stenographers, videographers and outside litigation support;

c. Consultants and experts (and their regular or temporary employees) specifically engaged by counsel to assist in the conduct of this litigation;

d. The named plaintiff, the named defendant; the present officers, directors and employees of defendant who are involved in the discovery proceedings or preparation of this action for trial;

e. The former officers, directors and employees of defendant who are involved in the discovery proceedings or preparation of this action for trial;

f. Any deponent during the course of the deposition, after being shown a copy of this Order and advised that he or she is bound by this Order;

g. Such other persons as may be hereafter authorized in writing by the party that designated the information as "Confidential"; and

h. Such persons as may be hereafter authorized by further order of the Court.

10. This Order shall not limit the right of the respective parties to disclose their own confidential discovery material to any persons or entities of their own choosing. Such disclosure, unless it constitutes public disclosure, shall not waive the protection of this Order.

11. Any person may designate as "Confidential" any documents that have previously been produced or disclosed without such designation by the producing party, within 15 days of production of such documents, by producing to all parties copies of the documents with the foregoing legend.

12. Prior to any disclosure by counsel to any person listed in paragraph 9(c), 9(e), or 9(f) of this Order, a copy of this Order shall be presented to that person, who shall review it and who shall signify that he or she has received and reviewed the contents of this Order and consents to be bound by its terms. If disclosure is made to a person who is a competitor of defendant, that person shall not use any of such information in that person's business. The improper use of confidential material may be punishable by contempt of Court in addition to any other remedies available to a party. In addition, prior to any disclosure by counsel to any persons listed in paragraph 9(c), 9(e), or 9(f), each person shall have executed a certification in the form attached hereto as Exhibit A, a true copy of which shall be maintained by counsel disclosing the designated material. No person under paragraph 9(e) or 9(f) shall be permitted to retain designated discovery materials nor be allowed to make notes of their contents unless the Court, upon motion by the party seeking retention or note taking, allows for such retention or note taking or unless the producing party authorizes such retention or note taking, except that experts and consultants employed to assist in this litigation may retain designation discovery materials during the litigation and may make notes, which shall be governed by this Order and which shall be destroyed at the conclusion of this litigation. In the event that a person listed in paragraph 9(c), 9(e), or 9(f) refuses to sign the certification in the

form attached as Exhibit A, counsel seeking to disclose the confidential material may not do so unless they move the Court for permission to make such disclosure without obtaining a signed certification and receive an Order to that effect or unless the producing party or person shall be in accordance with all other provisions of this Order, and the person to whom the designated material is disclosed shall be admonished that any violation of this Order shall be subject to punishment as contempt of Court. There shall be no need for any member of named Plaintiffs counsels' legal or support staff to sign Exhibit "A"; execution of this Stipulated Protective Order by Plaintiff's counsel shall bind all such persons.

13. If a party challenges a "Confidential" designation as to any discovery material, it shall first notify in writing the attorneys of record for the designating party and explain in writing the basis for the contention that the "Confidential" designation is inappropriate. The designating party shall respond by explaining in writing the basis for the designation. Following an objection to a designation of material as confidential, counsel shall promptly confer in an attempt to resolve this objection. If the dispute is not resolved within 14 days of the date the challenging party notifies the designating party of the objection, the designating party shall follow the procedures set forth in L.R. 37 for resolving the dispute, including the filing of a joint stipulation containing all issues in dispute. Such filings shall be governed by the terms of this Order, and any material that a party has designated as "Confidential" shall be treated as confidential until the Court rules on the motion challenging that designation. The designating party shall bear the burden that good cause exists for the designation.

14. Any deposition testimony, whether oral or written, may be designated as "Confidential" by a party advising the court reporter, videographer, on the record at the time such testimony is given, or by notifying counsel of record for all parties in writing within fifteen (15) days after receipt of the transcript that designated

portions of the transcript are confidential. If such designation is made at the time of the deposition, the reporter shall indicate on the face of the deposition that the transcript contains "Confidential" materials and shall identify the pages and lines that contain such "Confidential" materials.

15. Whenever "Confidential" information is to be discussed or disclosed in a deposition, either party may exclude from the room during such testimony any person who is not authorized to receive such information under this Order. Every deposition shall be treated as "Confidential" if it is designated as such during the deposition.

16. The inadvertent or unintentional disclosure by a party supplying confidential information, regardless of whether such information was designated as "Confidential," shall not be deemed a waiver in whole or in part of a party's claim of confidentiality with respect to the specified information disclosed, any other information relating thereto, or any other information on the same or related subject matter, provided that the party making such inadvertent or unintentional disclosure gives prompt notification in writing to the parties to this litigation when it learns of such inadvertent or unintentional disclosure. If information subsequently designated as confidential has, prior to that designation, been disclosed, the disclosing party shall make every reasonable effort to preserve the confidential nature of such material and to obtain compliance with paragraph 12 hereof from any person to whom such information was disclosed.

17. Nothing in this Order shall prohibit disclosure of a document designated "Confidential" to a person identified in such document as its author, addressee, or person who is designated on the original document to receive a copy. In addition, nothing in this Order shall prohibit disclosure of a document designated "Confidential" to a person identified in discovery material as having previously received that designated document. If discovery material designated "Confidential"

makes specific reference to the conduct or statement of a specific person, counsel may discuss such conduct or statement with such person, provided that no portion of the discovery material other than that which specifically refers to such person's conduct or statement is revealed.

18. The provisions of this Order may be modified upon written agreement of the parties or upon application to this Court for good cause shown.

19. The entry of this Order is not intended and should not be construed in any way to waive any of the privileges and rights of either of the parties regarding any of the documents covered by the Order.

20. If either party identifies any document previously designated as "Confidential" as a trial exhibit in their pre-trial submissions, the confidentiality of such document for purposes of trial shall be resolved by agreement of the parties or, if the parties cannot agree, by pre-trial motion. If the parties have not reached agreement as to the confidentiality of a listed trial exhibit, the party that designated the document as "Confidential" may file a motion for protective order with regard to the confidentiality of the document at trial within ten (10) days after service of the other party's list of trial exhibits in their pre-trial submissions. To the extent any document designated as "Confidential" pursuant to the terms of this Order is proposed for use at trial, but was not listed as a trial exhibit prior to trial, the parties shall attempt to resolve any issues regarding such confidentiality by agreement or, if no agreement can be reached, by asking the Court to address the issue prior to the introduction of the document as evidence.

21. This Agreement shall survive the termination of this Action and shall remain in full force and effect unless modified by an order of the Court or by the written stipulation of the Parties filed with the Court.

22. Within 45 days after entry of a final non-appealable order, judgment, or settlement with respect to the claims in this Action, each party or other individual

subject to the terms hereof shall, absent a court order or agreement to the contrary, at its option either return documents or other material subject to this Agreement to the producing party or non-party or, alternatively certify in writing that such materials have been destroyed by the receiving party. The certification shall confirm that counsel have destroyed all documents within their possession. Notwithstanding the foregoing, counsel (including in-house counsel) for the Parties shall be entitled to retain for their files a set of all pleadings (including exhibits), motion papers, court filings, discovery requests, expert reports, deposition, hearing and trial transcripts (including exhibits) and attorney work-product (including legal research) which incorporate, contain, or refer to any documents or other material that contain or refer to confidential information, provided that such materials remain subject to the terms and conditions of this Agreement.

23. Neither the termination of this Action or any related proceedings nor the termination of employment of any person who has had access to any confidential information shall relieve such person of his or her obligations under this Agreement.

24. All obligations and duties arising under this Protective Order shall survive the termination of this action and, in addition, shall be binding upon the Parties to this action, their successors and assigns (whether in whole or in part), affiliates, subsidiaries, their officers, agents, representatives and employees.

25. This Court shall retain jurisdiction indefinitely with respect to any dispute regarding the improper use of Confidential Material, to modify the terms of this Order, or to enter further Orders respecting Confidential Material, as may be necessary.

26. This Order is entered into without prejudice to (1) any party's claim as to the propriety or impropriety of this action or any of the claims asserted therein; (2) any party's right to assert objections to any discovery request propounded in this action; (3) any party's right to assert objections to the admissibility of any Confidential

Material in this action; and/or (4) any party's right to seek additional protections with respect to any information.

27. By executing a copy of this Protective Order, each of the firms named below and the parties they represent undertake to abide by and be bound by its provisions, and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

SO STIPULATED.

Dated: December 10. 2014    SANDERS ROBERTS & JEWETT LLP

By: */s/* Reginald Roberts, Jr.
Reginald Roberts, Jr.

BERKOWITZ OLIVER WILLIAMS SHAW & EISENBRANDT LLP

By: */s/* Tim J. Riemann
Tim J. Riemann (*pro hac vice*)
Attorneys for Plaintiff
**FORD MOTOR COMPANY**

Dated: December 8, 2014    LAW OFFICE OF BARRY S. JORGENSEN, ESQ.

By: */s/* Barry S. Jorgensen
Barry S. Jorgensen
750 N. Diamond Bar Blvd., Suite 224
Diamond Bar, CA 91765
Tel: (909) 396-7200
Fax: (909) 396-4786
Email: barryjorgensen@bsilawgroup.com
Attorneys for **DEFENDANT**

IT IS SO ORDERED.

Dated: January 5, 2015

/s/
HONORABLE JACQUELINE CHOOLJIAN
United States Magistrate Judge

**EXHIBIT A**

DECLARATION REGARDING

COMPLIANCE WITH PROTECTIVE ORDER

I, _____, declare that:

I have read and understand the contents of the Stipulated Protective Order entered on the _____ day of _____ 2014, in the matter of *Ford Motor Company v. Titan Enterprise Inc., et al.*, Case No. 2:14-cv-07701-RSWL-JC, pending in the U.S. District Court Central District of California, Western Division, and that I agree to abide and be bound by the Stipulated Protective Order.

Dated: _____

_____
Signature

_____
Printed Name

_____

_____

_____
Address and Telephone Number

13

STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL MATERIAL